UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **GREATER NEW ORLEANS FAIR HOUSING ACTION CENTER, ET. AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO: 06-7185** |
| **ST. BERNARD PARISH, ET AL.** | **SECTION: "C" (1)** |

## ORDER AND REASONS

Before the Court are two motions by defendants: 1) Motion for Appeal of Magistrate Judge Decision to District Court (Rec. Doc. 152) and 2) Motion for Declaratory Judgment or in the Alternative, to Amend and/or Strike Provisions of Consent Decree (Rec. Doc. 155). This matter was taken under advisement on an expedited basis following oral argument on plaintiffs' Motion to Enforce the Consent Decree. This Court heard oral argument on plaintiff's Motion to Enforce the Consent Order, which addressed many of the concerns raised by the parties in the motions currently before the Court. Based on the arguments and memoranda of the parties, the record in this case, and the applicable law, the Court DENIES defendants' motions for the following reasons.

**I.    Background**

The parties to this matter entered into a consent decree on February 27, 2008. (Rec. Doc. 114.) The consent decree settled plaintiffs' allegations that defendants violated the Fair Housing Act of 1968, 42 U.S.C. § 3601, and 42 U.S.C. §§ 1981-83 when they passed several housing

ordinances. The plaintiffs alleged that the ordinances were enacted with the intent and effect of discriminating against minorities and they sought a preliminary injunction to stay the operation of the blood relative ordinance. Pursuant to the terms of the injunctive relief, St. Bernard Parish was enjoined from

> violating the terms of the federal Fair Housing Act, and 42 U.S.C. §§ 1981, 1982, and 1983. Specifically, St. Bernard Parish agrees that it shall not:
> A. Refuse to rent a dwelling unit, or otherwise make unavailable or deny a dwelling unit, to any person because of race or national origin;
> B. Deny minority citizens the same rights as are enjoyed by white citizens to make and enforce contracts;
> C. Deny minority citizens the same rights as are enjoyed by white citizens to lease, hold and otherwise enjoy real property;
> D. Deny any person equal protection of the law by discriminating on the basis of race and national origin in the leasing of real property; and,
> E. Retaliate against Plaintiffs or any other person who alleges that Defendants have violated the Fair Housing Act, 42 U.S.C. § 3601 et seq.

(Rec. Doc. 114, Consent Order, 6-7 at ¶ 9). There were further specific provisions concerning applications for permissive use permits to rent single-family residences. *Id*. at ¶ 10, 11. On December 18, 2008, GNO and Provident filed a motion to enforce the February 7, 2008 Consent Order. (Rec. Doc. 126.) GNO and Provident claimed that a new moratorium passed by the Council violated the consent order entered in this case.

**II. Motion for Appeal of Magistrate Judge Decision to District Court (Rec. Doc. 152)**

On December 22, 2008, Provident moved to intervene as of right in this matter under Federal Rule of Civil Procedure 24(a) or alternatively to permissibly intervene under Federal Rule of Civil Procedure 24(b). (Rec. Doc. 131). The matter was automatically referred to Magistrate Judge Sally Shushan under Local Rule 72.1E. On January 15, 2009, Judge Shushan

granted Provident's motion to intervene. (Rec. Doc. 149). Defendants appeal Judge Shushan's Order. (Rec. 152).

A district court may only reverse a Magistrate Judge's ruling where the court finds the ruling to be "clearly erroneous or contrary to law." Fed. R. Civ. Pro. 72(a); *Castillo v. Frank*, 70 F.3d 382 (5th Cir. 1995). "This highly deferential standard requires the court to affirm the decision of the Magistrate Judge unless 'on the entire evidence [the court] is left with a definite and firm conviction that a mistake has been committed.'" *Benoit v. Nintendo of American*, 2001 WL 1524510, *1 (E.D.La. 2001) (citing *United States v. United States Gypsum Co.*, 333 U.S. 364 (1948)). A motion to review is appropriate when a Magistrate Judge has obviously misapprehended a party's position, the facts, or the applicable law, or when the party produces new evidence that could not have been obtained through the exercise of due diligence." *Gaffney v. U.S. Dep't of Energy*, 2000 WL 1036221, *2 (E.D.La. 2000).

Defendants raise a host of arguments challenging the magistrate judge's Order. Some of these arguments, such as claiming the consent decree is unenforceable as written, are clearly not pertinent to the matter to intervene. Defendants' strongest argument, that non-parties are not entitled to intervene to enforce a consent order to which they are not a party, falls squarely within unsettled law in the Fifth Circuit and is therefore worthy of additional consideration.

The Supreme Court has held that "a consent decree is not enforceable directly or in collateral proceedings by those who are not parties to it even though they were intended to be benefited by it." *Blue Chip Stamps v. Manor Drug Stores,* 421 U.S. 723, 750, 95 S.Ct. 1917, 1932 (1975). Several circuits have distinguished *Blue Chip*. *Cf. Aiken v. City of Memphis* 37 F.3d 1155 (6th Cir. 1994)(noting other circuit decisions, but holding that plain language of

Blue Chip prevented distinguishing). The Ninth Circuit interpreted *Blue Chip* as only applying to "incidental third-party beneficiaries," and that prisoner plaintiffs were "intended third-party beneficiaries" and therefore allowed to sue to enforce the consent order. *Hook v. State of Arizona, Department of Corrections*, 972 F.2d 1012, 1014-1015 (9th Cir. 1992). In particular, the Ninth Circuit was convinced that the contractual nature of consent decrees militated in favor of allowing third-party intervention. *Id*. Similarly, the Court of Appeals for the District of Columbia held that intended third-party beneficiaries may sue to enforce consent orders. *Beckett v. Air Line Pilots Ass'n,* 995 F.2d 280, 288-289 (D.C. 1993). In that case, the Court discussed the breadth of *Blue Chip* and concluded that *Blue Chip* only "prohibit[s], at most, suits to enforce consent decrees by incidental third party beneficiaries, or, perhaps, by third party beneficiaries of a consent decree obtained by the Government." The Second Circuit, in *Berger v. Heckler*, specifically held that *Blue Chip* "was not intended to preclude non-parties from intervening to enforce a consent decree where otherwise authorized by the federal rules of civil procedure." 771 F.2d 1556, 1565 (2d Cir. 1985). The Fifth Circuit has not considered the matter directly. For the reasons announced by the Second, Ninth and D.C. Circuits, this Court holds that where intervention is otherwise permissible under the Federal Rules of Civil Procedure, a non-party may seek to enforce a consent order previously entered.

Within this context, the Court is convinced that the Magistrate Judge's decision in this matter was not "clearly erroneous." The Magistrate Judge fully analyzed the standard for intervention as stated by *Stallworth v. Monsanto Co.*, 558 F.2d 257 (5th Cir. 1977). (Rec. Doc. 149, Order at 3-4.) She correctly found that the timeliness of Provident's motion "must be measured from the time of passage of the moratorium and not from the passage of the blood

relative ordinance." *Id*. at 4. In addition, Judge Shushan correctly finds that Provident has a direct interest in the enforcement of the consent order and that any decision in this matter could impair Provident's ability to protect its interest. *Id.* at 3-5.

## III. Motion for Declaratory Judgment or in the Alternative, to Amend and/or Strike Provisions of Consent Decree (Rec. Doc. 155)

Defendants ask this Court to declare that the consent order applies only to the parties and not to third-parties generally and not to Provident specifically. (Rec. Doc. 155). This issue is mooted by the preceding discussion and this Court's affirming of the Magistrate Judge's Order allowing Provident to intervene.

Second, defendants request this Court strike paragraph 9 of the consent order as incompatible with Federal Rule of Civil Procedure 65(d). (Rec. Doc. 155). Plaintiff opposes the motion. (Rec. Doc. 167).

Consent decrees have elements of both contracts and judicial decrees. *Firefighters v. Cleveland*, 478 U.S. 501, 519 (1986). As such, "[t]o interpret the consent decree here, we apply the general principles of contract interpretation." *Lelsz By and Through Lelsz v. Kavanagh,* 824 F.2d 372, 373 (5th Cir. 1987). "It is a fundamental axiom of contract interpretation that specific provisions control general provisions." *Baton Rouge Oil and Chemical Workers Union v. ExxonMobil Corp.*, 289 F.3d 373, 377 (5th Cir. 2002).

Defendants cite primarily to cases concerning involuntary injunctions, rather than consent-based injunctions. *Payne*, the primary case relied on defendants, concerned an involuntary injunction. *Payne v. Travenol Labs. Inc.*, 565 F.2d 895 (5th Cir. 1978). With

5

respect to both involuntary injunctions and consent-based injunctions, the test for whether an injunction is vague is whether "those enjoined will know what conduct the court has prohibited." *See Meyer v. Brown & Root Const. Co.*, 661 F.2d 369, 373 (5th Cir.1981). If an injunction is based on consent, presumably the parties are aware of what the prohibited conduct is. The Fifth Circuit implied as much in a footnote noting defendant's consent to the judgment and lack of objection for six years as to the alleged vagueness of a consent decree. *N.L.R.B. v. Southwestern Bell Telephone Co*, 730 F.2d 166, 172-173 (5th Cir. 1984)(upholding consent decree as satisfactorily specific); *see also Ennels v. Alabama Inns Associates*, 581 F. Supp. 708, 710 (M.D. Ala. 1984)(noting "the fact that this was a negotiated decree consented to by the defendants makes the argument even less tenable that defendants did not know its import.")

Arguing that the consent order is not vague, plaintiffs cite to *Prof'l Ass'n of College Educators v. El Paso County Cmty. College Dist.*, 730 F.2d 258, 273 (5th Cir. 1984), which although not a consent order, did affirm similar language to the challenged language at issue here. The Fifth Circuit affirmed the injunction, which read "retaliating or discriminating against the Plaintiffs or any other employees due to their membership or association with ... [PACE] or any other lawful association of its employees." 730 F.2d 258, 273 (5th Cir. 1984). Supporting plaintiffs' argument is an older discussion by the Fifth Circuit on when an injunction is overly broad.

> The fact that the [involuntary] decree includes specific references to sections of the Fair Labor Standards Act is not, as here used, inconsistent with the requirements of Rule 65(d). It is significant that the injunction does not engraft the statute in gross, *Cf. Fleming v. Salem Box Co.*, D.C. Or. 1940,38 F.Supp. 997, or rely on the statute for clarification of what is otherwise unclear in the decree itself. It merely supplements specific instructions in the decree with the statutory authority from which the right to issue such instructions derives. The statutory material is thus given as a parenthetical reference, not as a substantive command.

6

*Gulf King Shrimp Co. v. Wirtz,* 407 F.2d 508, 517 (5th Cir. 1969). In this case, the consent order language takes the statutory language as a starting point and then is particularized to meet the circumstances of this particular case. *Compare* 42 U.S.C. 3604 with Rec. Doc. 114, Consent Order at 6-7.

The consent order contains very broad language under Section II: Injunctive Relief, but that same language is followed by a list of specific prohibited acts. (Rec. Doc. 114, Consent Order at 6). Paragraph 9 begins with very broad language where St. Bernard Parish agrees not to violate the law, but then continues: "[s]pecifically, St. Bernard Parish agrees that it shall not:" Plaintiff cites this initial broad language of paragraph 9 as the basis for litigating the moratorium as a violation of the consent order. (Pltf. Mem. Supp. Mtn. To Enforce Consent Decree at 15). But plaintiffs' argument simply sweeps too broadly - there could easily be alleged Fair Housing violations related to gender for example but would clearly not be related to the 2006 litigation. Indeed, the plaintiffs assert that the two challenges are related because they both have the intent and effect of discrimination by race. Therefore, the introductory broad language of paragraph 9, standing alone, is not sufficient to invoke the enforcement of the consent order. However, the specifically enumerated acts listed as sub-paragraphs of paragraph 9 provide sufficient detail to modify the broad introductory language. For example, paragraph 9, subsection A requires that St. Bernard Parish shall not "refuse to rent a dwelling unit, or otherwise make unavailable or deny a dwelling unit, to any person because of race or national origin." It could be argued that the moratorium, in a broad sense, makes dwelling units "unavailable" and plaintiffs certainly claim that it is because of race.

The Court can not agree with defendants' attempts to characterize the prior litigation as

7

solely concerning the "blood relative" ordinance. Plaintiffs challenged a series of ordinances, which together as a group they argued had both a discriminatory intent and effect. The consent order only specifically addressed the "blood relative" ordinance because by the time of negotiation, the others had either been mooted or withdrawn. But plaintiffs' claims based on those withdrawn or mooted ordinances were only settled by virtue of the consent order entered in this case. Moreover, at oral argument, defendants were hard-pressed to define how the consent order should have been worded if prevention of future violations was the aim of the parties. *See Ennels*, 581 F. Supp. 708, 710 (M.D. Ala. 1984)(noting "man's ingenuity in devising methods to discriminate" compounds difficulty in drafting appropriate consent order.)

**IV. Conclusion**

Accordingly,

IT IS ORDERED that defendants' Motion for Appeal of Magistrate Judge Decision to District Court (Rec. Doc. 152) is DENIED;

IT IS FURTHER ORDERED that defendants' Motion for Declaratory Judgment or in the Alternative, to Amend and/or Strike Provisions of Consent Decree (Rec. Doc. 155) is DENIED.

New Orleans, Louisiana, this 18th day of February, 2009.

_____
**HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE**