# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **GREATER NEW ORLEANS FAIR HOUSING ACTION CENTER, ET. AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO: 06-7185** |
| **ST. BERNARD PARISH, ET AL.** | **SECTION: "C" (1)** |

## ORDER AND REASONS

On February 4, 2009, this Court heard oral argument on plaintiffs' and intervenor's Motion to Enforce Judgment (Rec. Doc. 126). Rather than decide this motion based on the pleadings, the Court is convinced that an evidentiary hearing would aid her decision on the pending motion given the complexity of the facts. The Court issues this Order to clarify the contours of the evidentiary hearing.

At oral argument and in associated pleadings, defendants have repeatedly argued that it is entitled to a jury trial on this matter. The Fifth Circuit has specifically held that a party is not entitled to a jury trial for determination of facts related to enforcement of a prior consent decree. *In re Corrugated Container Antitrust Litigation,* 752 F.2d 137, 144 (5th Cir. 1985)(noting "[w]e see no reason to divorce the power to interpret and enforce a judgment incorporating and ordering performance of a settlement agreement from the court that rendered it."). Defendants first claim that because the alleged violation of the previously entered consent decree concerns a "different transaction," defendant has not waived its right to a jury trial on this issue. As this Court found in a previous Order denying defendants' motion for declaratory judgment, the 2006 litigation that resulted in the 2008 consent decree concerned several ordinances, which were

alleged to discriminate on the basis of race in violation of the Fair Housing Act. The consent decree addresses plaintiffs' claims for all of the ordinances, not just the "blood relative" ordinance. The consent decree also attempts to prevent future acts of housing discrimination on the basis of race. (Rec. Doc. 114, ¶9a-e). Second, defendants claim that because intervenor Provident was not a party to the consent order, defendants are entitled to a jury trial as to Provident's complaint. This Court has affirmed the Magistrate Judge's ruling that Provident is a proper intervenor in this matter under Rule 24 and as such, may seek to enforce the consent order in this matter. Defendants have not provided any legal authority to this Court to support their arguments that a jury is required to determine the facts of whether or not defendants violated the consent order in this matter. Accordingly, an evidentiary hearing without a jury is appropriate to assess plaintiffs' claims.

To be most helpful to the Court, the evidentiary hearing should focus on testimony and factual arguments that can not be gleaned from the evidence previously submitted by both parties. Since some of the attorneys in this matter are from out of town, the Court is willing to hear evidence regarding liability (i.e. whether the September 2008 ordinance violated the consent decree) and damages together.

Accordingly,

IT IS ORDERED that an evidentiary hearing on plaintiffs' and intervenor's Motion to Enforce Judgment (Rec. Doc. 126) is hereby set for Wednesday, March 11, 2009 at 9:30 a.m.

New Orleans, Louisiana, this 19th day of February, 2009.

**HELEN G. BERRIGAN**
**UNITED STATES DISTRICT JUDGE**