UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **GREATER NEW ORLEANS FAIR HOUSING ACTION CENTER, ET. AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO: 06-7185** |
| **ST. BERNARD PARISH, ET AL.** | **SECTION: "C" (1)** |

## ORDER AND REASONS

Before the Court is plaintiffs' Motion for Contempt and Sanctions (Rec. Doc. 252.) Plaintiffs seek to recover attorneys' fees and costs for defendant's conduct, which this Court previously found violated a prior Consent Order governing this case. (See Rec. Doc. 114; Rec. Doc. 233.) Defendant opposes the motion arguing first that this matter is on appeal and therefore premature and second, that plaintiffs' have failed to provide the requisite evidentiary support for their claims. (Rec. Doc. 265.) Based on the memoranda by parties, the record in this case, and the applicable law, the Court GRANTS plaintiffs' motion for the following reasons and REFERS the issue of the amounts of reasonable attorneys' fees and costs to Magistrate Judge Shushan.

### I. LEGAL STANDARD

A "movant in a civil contempt proceeding bears the burden of establishing by clear and convincing evidence 1) that a court order was in effect, 2) that the order required certain conduct by the respondent, and 3) that the respondent failed to comply with the court's order." *Whitcraft v. Brown*, 2009 WL 1492833, 2 (5th Cir. 2009)(citing *Martin v. Trinity Indus., Inc.*, 959 F.2d 45, 47 (5th Cir.1992).

## II. ANALYSIS

The parties to this matter entered into a Consent Order, which was approved by this Court on February 27, 2008. (Rec. Doc. 114.) The consent order settled plaintiffs' allegations that defendants violated the Fair Housing Act of 1968, 42 U.S.C. § 3601, and 42 U.S.C. §§ 1981-83 in enacting several housing ordinances. The plaintiffs alleged that the ordinances were enacted with the intent and effect of discriminating against minorities and plaintiffs sought in particular a preliminary injunction to stay the operation of the so-called "blood relative ordinance."[1] Pursuant to the terms of the injunctive relief section of the Consent Order, St. Bernard Parish was enjoined from

> violating the terms of the federal Fair Housing Act, and 42 U.S.C. §§ 1981, 1982, and 1983. Specifically, St. Bernard Parish agrees that it shall not:
>
> A. Refuse to rent a dwelling unit, or otherwise make unavailable or deny a dwelling unit, to any person because of race or national origin;
> B. Deny minority citizens the same rights as are enjoyed by white citizens to make and enforce contracts;
> C. Deny minority citizens the same rights as are enjoyed by white citizens to lease, hold and otherwise enjoy real property;
> D. Deny any person equal protection of the law by discriminating on the basis of race and national origin in the leasing of real property; and,
> E. Retaliate against Plaintiffs or any other person who alleges that Defendants have violated the Fair Housing Act, 42 U.S.C. § 3601 et seq.

(Rec. Doc. 114 at ¶ 9.) GNO and St. Bernard Parish specifically agreed to the continuing

---

[1] The parties refer to the "blood relative" ordinance as shorthand for a housing ordinance passed by the St. Bernard Parish Council on September 19, 2006, that stated: "No person . . .shall rent, lease, loan, or otherwise allow occupancy or use of any single-family residence located in an R-1 zone by any person or group of persons, other than a family member(s) related by blood within the first, second or third direct ascending or descending generation(s), without first obtaining a Permissive Use Permit from the St. Bernard Parish Council." (Rec. Doc. 114 at 2.)

jurisdiction of this Court for a period of three years from February 27, 2008 to resolve disputes regarding interpretation or compliance with the Consent Order. (Id. at 8, ¶ 12.)

On December 18, 2008, GNO and Provident filed a motion to enforce the February 7, 2008 Consent Order. (Rec. Doc. 126.) They claimed that a ordinance passed by the Council in September 2008 violated the consent order entered in this case. The challenged ordinance placed a moratorium on the construction of all multi-family housing (i.e. buildings with more than 5 units) for a period of twelve months or until the Council enacted certain zoning updates. (Pls.' Evid. Hr'g Ex. 31.) At the time of the introduction and passage of the contested moratorium, and with the knowledge of certain St. Bernard Parish officials, Provident, a real estate development corporation, had initiated the process of constructing four affordable housing developments in St. Bernard Parish. GNO and Provident allege that the moratorium violated the Fair Housing Act (FHA), 42 U.S.C. §3604(a), by making housing unavailable on the basis of race. Plaintiff and intervenor claim the moratorium was enacted with discriminatory intent and/or has a discriminatory effect in violation of the Fair Housing Act and the Consent Order. (Rec. Doc. 126). GNO and Provident requested the Court "direct St. Bernard Parish to rescind the moratorium and enjoin the Parish from enforcing the moratorium until it is repealed." (Id. at 2.) This Court held an evidentiary hearing on March 11 and 12, 2009 to determine whether the moratorium did in fact violate the terms of the consent order previously entered into by plaintiffs and defendants.

The Court concluded that the Parish and Council's intent in enacting and continuing the moratorium was racially discriminatory, and as such defendants violated the Fair Housing Act,

42 U.S.C. §3604(a), 42 U.S.C. §§1981, 1982, and 1983 and the terms of the February 2008 Consent Order. The Court also concluded that the moratorium had a discriminatory effect on African-Americans and therefore violated the Fair Housing Act, 42 U.S.C. §3604(a), and the terms of the February 2008 Consent Order.

Accordingly, the Court finds that plaintiffs are entitled to attorneys' fees and costs based on defendants' failure to comply with a court order in effect, namely the 2008 Consent Order.

The Court also does not find this motion to be premature. The fact that defendants are appealing the Court's finding of a violation of the Consent Order is insufficient to stay these proceedings.

### III. CONCLUSION

IT IS ORDERED that plaintiffs' Motion for Contempt and Sanctions (Rec. Doc. 252) is GRANTED.

IT IS FURTHER ORDERED that the issue of the amounts of reasonable attorneys' fees and costs shall be REFERRED to Magistrate Judge Shushan for determination upon consent, or for Findings and Recommendation.

New Orleans, Louisiana, this 22nd day of July, 2009.

**HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE**