# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **GREATER NEW ORLEANS FAIR HOUSING ACTION CENTER, ET. AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO:   06-7185** |
| **ST. BERNARD PARISH, ET AL.** | **SECTION: "C" (1)** |

## ORDER AND REASONS

Before the Court is defendants' Objection to Order of Magistrate Judge Denying in Part and Dismissing in Part as Moot Defendants' Motion to Compel.  (Rec. Doc. 343.)  Plaintiffs oppose. (Rec. Doc. 351.)  This matter was taken under advisement on the briefs.  Based on the memoranda by the parties, the record in this case, and the applicable law, the Court DENIES defendants' motion for the following reasons.

This Court has previously found the defendants in contempt of court for violations of a consent decree previously entered in this case.  (Rec. Doc. 241, 252, 303.)  The "issue of the amounts of damages, reasonable attorneys' fees and costs" for each violation was referred to Magistrate Judge Sally Shushan for determination upon consent of the parties or for Findings and Recommendations.  (Id.)

Defendants sought to compel plaintiffs to produce three categories of documents pertaining to plaintiffs' claim for damages, fees, and costs: 1) engagement or retention letters for plaintiffs' counsel; 2) engagement or retention letter for services rendered by non-attorneys, such as plaintiffs'

experts; 3) back-up documentation underlying plaintiffs' claim for fees, such as canceled checks, time-sheets, etc. (Rec. Doc. 310.) On September 10, 2009, Magistrate Judge Shushan denied defendants' motion to compel. (Rec. Doc. 331.) Defendants appeal. (Rec. Doc. 343.)

A district court may only reverse a Magistrate Judge's ruling where the court finds the ruling to be "clearly erroneous or contrary to law." Fed. R. Civ. Pro. 72(a); *Castillo v. Frank*, 70 F.3d 382 (5th Cir. 1995). "This highly deferential standard requires the court to affirm the decision of the Magistrate Judge unless 'on the entire evidence [the court] is left with a definite and firm conviction that a mistake has been committed.'" *Benoit v. Nintendo of American*, 2001 WL 1524510, *1 (E.D.La. 2001) (citing *United States v. United States Gypsum Co.*, 333 U.S. 364 (1948)). A motion to review is appropriate when a Magistrate Judge has obviously misapprehended a party's position, the facts, or the applicable law, or when the party produces new evidence that could not have been obtained through the exercise of due diligence." *Gaffney v. U.S. Dep't of Energy*, 2000 WL 1036221, *2 (E.D.La. 2000).

Defendants have received the actual invoices (billing statements) from plaintiffs' counsel, listing the time spent and rates charged, and affidavits regarding the amounts actually paid and the underlying billing rates. (Rec. Doc. 351.) Defendants fail to cite any authority requiring the production or consideration of any of the requested categories of documents. Rather the appropriate standard, as cited by Magistrate Judge Shushan, is whether the documents sought amount to an attempted "second major litigation." *Associated Builders & Contractors of Louisiana, Inc. v. Orleans Parish School Bd.*, 919 F.2d 374, 379 (5th Cir. 1990.)

Accordingly,

IT IS ORDERED that defendants' Objection to Order of Magistrate Judge Denying in Part

and Dismissing in Part as Moot Defendants' Motion to Compel  (Rec. Doc. 343) is DENIED.

New Orleans, Louisiana, this 5th day of November, 2009.

**HELEN G. BERRIGAN**
**UNITED STATES DISTRICT JUDGE**