UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **GREATER NEW ORLEANS FAIR HOUSING ACTION CENTER, ET. AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO: 06-7185** |
| **ST. BERNARD PARISH, ET AL.** | **SECTION: "C" (1)** |

### ORDER AND REASONS

Before the Court are Defendant's Motion for Stay of Order Pending Appeals, (Rec. Doc. 397), and Defendant's Motion for Stay of Judgment Pending Appeals, (Rec. Doc. 401). Having considered the memoranda of counsel, the record, and the applicable law, the Defendant's Motions are DENIED for the following reasons.

### I. BACKGROUND

On November 16, 2010, this Court issued a judgment awarding Plaintiffs' attorneys' fees and costs of $1,219,881.00. (Rec. Doc. 399). On November 18, 2010 Defendant appealed this Court's judgment on attorneys' fees. (Rec. Doc. 400). In order to avoid posting a *supersedeas bond* pending appeal, Defendants argue that under Federal Rule of Civil Procedure 62(f) they are entitled to a stay of judgment without having to post a bond. (Rec. Doc. 401-1 at 2).

### II. LAW AND ANALYSIS

Rule 62 of the Federal Rules of Civil Procedure provides:

**Rule 62. Stay of Proceedings to Enforce a Judgment**

> **(f) Stay in Favor of a Judgment Debtor Under State Law.** If a judgment is a lien on the judgment debtor's property under the law of the state where the court is located, the judgment debtor is entitled to the same stay of execution the state court would give.

Fed.R.Civ.P. 62(f). The Fifth Circuit has held that the obvious purpose of Rule 62(f):

> is to allow appealing judgment debtors to receive in the federal forum what they would otherwise receive in their state forum. This purpose, however, is qualified by the requirement that the state forum treat judgments as a lien, or encumbrance, on the property of judgment debtors. The purpose behind this requirement is also plain: judgment creditors must be afforded security while judgment debtors appeal.

*Castillo v. Montelepre, Inc.*, 999 F.2d 931, 942 (5th Cir. 1993).

There is no question that both the St. Bernard Parish and St. Bernard Parish Counsel are entitled to stay judgment without a bond under Louisiana law by virtue of section 13:4581, which provides:

> **§ 4581. Public boards and commissions not required to furnish bond**
> State, parish and municipal boards or commissions exercising public power and functions, sheriffs, sheriffs' departments, and law enforcement districts, and the Patients Compensation Fund, or any officer or employee thereof, shall not be required to furnish any appeal bond, or any other bond whatsoever in any judicial proceedings instituted by or brought against them, that arise from activities within the scope and course of their duties and employment.

La.Rev.Stat. 13:4581.

However, it is also clear that the present judgment against Defendants is not considered a lien under Louisiana law. *Burge v. St. Tammany Parish Sheriff's Office*, 2001 WL 1104640 *1 (E.D.La. 2001) (finding that La. Const. Art 12 § 10 exempts public property from seizure, which exempts those assets from the effects of a judicial mortgage); *see also Wykle v. City of New Orleans*, 1997 WL 266615 *3 (E.D.La 1997). As a result, by its own terms, Rule 62(f) does not apply to the judgment in this case. Nevertheless, in *Castillo* the Fifth Circuit recognized that in some situations

judgment debtors could provide sufficient security so as to satisfy the judgment as lien requirement of Rule 62(f).  *Castillo*, 999 F.2d at 942.

In *Castillo* the Fifth Circuit found that the Louisiana Patient Compensation fund provides adequate security to judgment creditors because the terms of the statute specifically provided for the satisfaction of judgments on a semi-annual basis.  *Id.*  In *Burge v. St. Tammany Parish Sheriff's Office*, the St. Tammany Sheriff's Office was granted a stay under Rule 62(f) despite the fact that a judgment against the Sheriff's Office was not a considered a lien under Louisiana law.  2001 WL 1104640 *2 (E.D.La. 2001).  In that case the Sheriff produced an affidavit, along with the audit report of the St. Tammany Parish Sheriff's Office, showing the Sheriff's General Fund had a balance of $5.5 million, which was in excess of the $4 million judgment, and that with the exception of the matter at bar, no judgments had been rendered against the Sheriff which had not been paid, and that the Sheriff was insured against adverse judgments in any pending civil suit.  *Id.*  Under those circumstance the court waived the bond requirement, but required the Sheriff to file a copy of each annual audit report during the period of appeal.  *Id.*

Here Defendants have produced an affidavit from the President of St. Bernard Parish, which states that the balance in the Parish's bank account exceeds the amount necessary to satisfy the present judgment.  (Rec. Doc. 404-3 at 1).  The affidavit further states that there are no unpaid judgments against the Parish and that the Parish has an insurance policy.  *Id.* at 1-2.  This Court notes that the burden of proof is on St. Bernard Parish to establish that it could satisfy the judgment against it in the case that Defendants lose their current appeal.  *Poplar Grove Planting and Refining Co., Inc. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1191 (5th Cir.1979).  The judgment creditor is entitled to security.

Based on the Defendants' submissions to this Court, they have not carried their burden of proof. While they have provided an affidavit stating that they have sufficient funds to satisfy the present judgment, unlike the Defendant in *Burge*, they have not included an audit of their accounts. Instead Defendants merely state that their accounts are a matter of public record. Such a generic statement does not establish their financial ability to pay the present judgment. Likewise, while Defendants state that they have an insurance policy, they have not satisfied the Court that the insurance policy covers the present judgment.

### III. CONCLUSION

Accordingly,

IT IS ORDERED that Defendant's Motions are DENIED. (Rec. Docs. 397 & 401).

New Orleans, Louisiana, this 10th day of January, 2010.

**HELEN G. BERRIGAN**
**UNITED STATES DISTRICT JUDGE**