UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**GREATER NEW ORLEANS FAIR HOUSING**            **CIVIL ACTION**
**ACTION CENTER, ET. AL.**

**VERSUS**                                                                          **NO:   06-7185**

**ST. BERNARD PARISH, ET AL.**                                  **SECTION: "C" (1)**

### ORDER AND REASONS

This matter comes before the Court on Defendants' Motion to for New Trial to Consider New Evidence in Support of Stay Without Bond. (Rec. Doc. 418). In their motion Defendants request a new trial from this Court's Order, (Rec. Doc. 413), denying Defendants' Motions to Stay, (Rec. Docs. 397 & 401). Having considered the memoranda of counsel, the record, and the applicable law, the Defendant's Motion is GRANTED for the following reasons.

### I. BACKGROUND

On November 16, 2010, this Court issued a judgment awarding Plaintiffs attorneys' fees and costs of $1,219,881.00. (Rec. Doc. 399). On November 18, 2010 Defendants appealed this Court's judgment on attorneys' fees, (Rec. Doc. 400), and also filed a Motion for Stay of Judgment Pending Appeals, (Rec. Doc. 401). In the Motion for Stay of Judgment, Defendants argued that under Federal Rule of Civil Procedure 62(f) they were entitled to a stay of judgment without having to post a *supersedeas* bond pending appeal. (Rec. Doc. 401-1 at 2). This Court rejected the majority of Defendants' arguments and held that because the judgment against Defendants is not considered a lien under Louisiana law, Rule 62(f) does not apply to the judgment in this case. *Burge v. St. Tammany Parish Sheriff's Office*, 2001 WL 1104640 *1 (E.D.La. 2001) (finding that La. Const. Art 12 § 10 exempts public property from seizure, which exempts those assets from the effects of a

1

judicial mortgage); *see also Wykle v. City of New Orleans*, 1997 WL 266615 *3 (E.D.La 1997).

However, this Court recognized that in certain situations the Fifth Circuit has held that judgment debtors could satisfy the judgment as lien requirement of Rule 62(f) by providing sufficient security to the judgment creditor. *Castillo v. Montelepre, Inc.*, 999 F.2d 931, 942 (5th Cir. 1993). To demonstrate that they could provide sufficent security to Plaintiffs, thus satisfying Rule 62(f), Defendants produced an affidavit from Craig Taffaro, President of St. Bernard Parish, which simply claimed that the Parish had sufficient funds to satisfy the judgment against them and that the Parish had an insurance policy. (Rec. Doc. 401).

In this Court's previous Order, the Court specifically found that the affidavit of Craig Taffaro was insufficient to provide Plaintiffs with adequate security under Rule 62(f). The Court contrasted the lack of supplemental evidence produced by Defendants with that produced in *Burge v. St. Tammany Parish Sheriff's Office*. 2001 WL 1104640 *2 (E.D.La. 2001). In *Burge* the Sheriff produced an affidavit, along with the audit report of the St. Tammany Parish Sheriff's Office, showing the Sheriff's General Fund had a balance of $5.5 million, which was in excess of the $4 million judgment. *Id.* In contrast, Defendants only provided an affidavit stating that they had sufficient funds to satisfy the present judgment, without an audit of their accounts. Similarly, Defendants merely stated that they had an insurance policy without indicating if the policy covered the present judgment. As a result, the Court found that Defendants had not carried their burden of proof and denied their Motions for Stay. (Rec. Doc. 413).

Now Defendants seek this Court to revisit its Order on the basis of new legal arguments and evidence. (Rec. Doc. 418). Specifically, Defendants have supplied St. Bernard Parish's financial report for 2009 as well as more information regarding their insurance policy.

## II. LAW AND ANALYSIS

At the Fifth Circuit has held, "[m]otions for a new trial or to alter or amend a judgment must clearly establish either a manifest error of law or fact or must present newly discovered evidence. These motions cannot be used to raise arguments which could, and should, have been made before the judgment issued. Moreover, they cannot be used to argue a case under a new legal theory." *Simon v. U.S.*, 891 F.2d 1154, 1159 (5th Cir. 1990) (quoting *Federal Deposit Ins. Corp. v. Meyer*, 781 F.2d 1260, 1268 (7th Cir. 1986).

In the present motion Defendants raise legal arguments that they could have made in their initial Motions to Stay. Specifically, Defendants argue that under Louisiana law federal court judgments are treated as liens. (Rec. Doc. 418-1 at 10). However, the judgment as lien requirement in Federal Rule of Civil Procedure 62(f) was squarely before the Court in Defendants' prior Motions, so Defendants' failure to adequately brief the requirement does not justify a new trial or any other reconsideration.

However, in the present motion Defendants have offered new evidence for the Court to consider. For example, in their Motion for New Trial, Defendants' present copies of St. Bernard Parish's financial records as well as emails from their insurance carrier suggesting that their insurance policy would cover the judgment that Defendants are seeking to stay. (Rec. Docs. 418-2 at 4; 418-3). While this evidence is not newly discovered and should have been presented to the Court when it considered Defendants' initial Motions to Stay, the Court nevertheless finds that Defendants have now supplied sufficient evidence to entitle them to a stay of judgment pending their appeals. Defendants have supplied assurances that their insurance policy covers the present judgment and have also provided information that establishes that the Parish has approximately $20 million in unrestricted revenue available to the Parish in 2011. (Rec. Doc. 418-3 at 4). This amount

3

of security exceeds that supplied in *Burge* and is therefore adequate for purposes of rule 62(f). However, to guaranty the maintenance of the same degree of security pending appeal, the Court will require Defendants to file into the record a copy of the audit report for the fiscal year ending June 30, 2011, and each annual report thereafter during the period of appeal.

### III. CONCLUSION

Accordingly,

IT IS ORDERED that Defendants' Motion is GRANTED. (Rec. Doc. 418).

IT IS FURTHER ORDERED that this Court's previous Order is VACATED. (Rec. Doc. 413).

IT IS FURTHER ORDERED that Defendants' Motions for Stay of Enforcement of Judgment (and Order) Pending Appeals Without Obligation of Posting a *Supersedeas* Appeals Bond are GRANTED. (Rec. Docs. 397 & 401).

IT IS FURTHER ORDERED that Defendant, St. Bernard Parish, file into the record a copy of its audit report for the fiscal year ending June 30, 2011, and each annual report thereafter during the period of appeal.

New Orleans, Louisiana, this 2nd day of February, 2011.

**HELEN G. BERRIGAN**
**UNITED STATES DISTRICT JUDGE**