UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **GREATER NEW ORLEANS FAIR HOUSING ACTION CENTER, ET. AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO:   06-7185** |
| **ST. BERNARD PARISH, ET AL.** | **SECTION: "C" (1)** |

## ORDER AND REASONS

During a status conference on February 24, 2011 Plaintiffs orally requested this Court to retain jurisdiction over the Consent Order until December 31, 2011.[1] In light of the above information and Plaintiffs' request, the Court ordered Defendants to "show good cause why this Court should not extent its jurisdiction over the Consent Order, (Rec. Doc. 114), until December 31, 2011." (Rec. Doc. 454). Defendants filed a Response to this order to show cause, (Rec. Doc. 451), and Plaintiffs filed a Response in support of extending the Consent Order, (Rec. Doc. 456).

### I. Background

At the status conference on February 24, 2011 Plaintiffs expressed concerns about recent efforts of St. Bernard Parish to obstruct Provident's construction of four multi-family buildings. Specifically, Plaintiffs complained about recent Cease and Desist Orders that St. Bernard Parish issued to protect wetlands on two of Provident's building sites. (Rec. Doc. 456 at 8). The Army Corps of Engineers has since issued a narrower Cease and Desist Order, which is limited to a single corner of one of Provident's building sites. *Id.* at 9. St. Bernard Parish has now limited its Order to the same corner of property affected by the Corps' Order. *Id.* As a result of these concerns,

---

[1] Plaintiffs had also requested an extension of the Consent Order as part of the relief they sought in their pending Motion for Contempt. (Rec. Doc. 416).

Plaintiffs request this Court to retain jurisdiction over the Consent Decree until December 31, 2011.

In response to this request Defendants argue that since Provident is not entitled to enforce the Consent Order, that order should not be extended to apply to Provident past the original term. (Rec. Doc. 451 at 2). Defendants also argue that the present Cease and Desist Order issued by St. Bernard Parish is no more than an issue between Provident and the Army Corps of Engineers and is therefore not a proper basis for extending the Consent Order. *Id.* at 3.

As Plaintiffs note, this Court has previously rejected Defendants' arguments related to Provident's ability to enforce the Consent Order, and therefore this Court will not deny Plaintiffs' request on that basis. (Rec. Doc. 456 at 3; Rec. Doc 178). Furthermore, despite Defendant's representations, the wetlands issue is not simply a matter between the Army Corps of Engineers and Provident, because St. Bernard Parish has decided to issue its own Cease and Desist Order without clear legal authority to do so. As Plaintiffs have pointed out, the Corps has the responsibility for issuing cease-and-desist orders pending wetlands determinations, not the Parish government. *See* 33 C.F.R. § 326.3(c)(1) and (4). So far, Defendants have not suggested any legal basis for issuing the Parish's Cease and Desist Orders, nor do Defendants dispute the fact that they issued these Orders. (Rec. Doc. 456 at 9).

## II. Law and Analysis

This Court has the authority to modify an injunction entered into by consent. *Rufo v. Inmates of Suffolk County Jail,* 502 U.S. 367, 383 (1992); *United States v. Swift* 286 U.S. 106, 114 (1932); *Williams v. Edwards*, 87 F.3d 126, 131 (5th Cir. 1996). Moreover, district courts have the inherent power to fashion remedies to enforce prior judgments, such as the extension of deadlines in consent decrees. *United States v. Alcoa, Inc.*, 533 F.3d 278, 288 (5th Cir. 2008); *Williams*, 87 F.3d at 131.

The Consent Order in this case was drafted to prevent violations of the Fair Housing Act, which in turn was drafted by Congress to grant broad remedial relief to victims of housing discrimination. 42 U.S.C. § 3613(c)(1); *see also, e.g., Havens Realty Corp. v. Coleman*, 455 U.S. 363, 380 (1982).

"[A] party seeking modification of a consent decree bears the burden of establishing that a significant change in circumstances warrants revision of the decree. If the moving party meets this standard, the court should consider whether the proposed modification is suitably tailored to the changed circumstance." *Rufo*, 502 U.S. at 383. Modification is appropriate when a decree becomes unworkable because of unforeseen obstacles. *Id.*

Here, the consistent efforts of Defendants in frustrating the Consent Order could not have been foreseen at the time the Consent Order was entered. *See Thompson v. U. S. Dept. of Housing and Urban Development*, 404 F.3d at 831-32 (concluding that the defendants' lack of compliance with the Consent Decree was an unanticipated and substantial change of circumstance justifying the extension of the district court's jurisdiction over the decree). Moreover, Plaintiffs have brought several worrying developments to the Court's attention which suggest that Defendants' contemptuous behavior is still ongoing, thus warranting revision of the Consent Order.

For example, Plaintiffs allege that Parish President Craig Taffaro has informed Provident's employees that any meetings with Parish employees regarding the Provident developments must be run through his office. *Id.* at 6. This is an apparent departure from normal procedure that Plaintiffs claim has led to a week-long delay to discuss an issue that would normally be settled by a quick phone call or email. *Id.* Furthermore, during a February 18, 2011 meeting Provident's employees were allegedly informed that Provident's drainage plans needed to be reviewed, despite the fact that they had already been approved by the Parish after an earlier round of litigation. *Id.* at 7. Provident claims that its employees were then given a list of several Parish departments that would

need to review the plans and were informed that it would be thirty days before that review would be completed. *Id.* Provident also claims that its employees were informed that the Parish wanted its staff to attend all of Provident's construction meetings. *Id.* Finally, Plaintiffs assert that patrol cars from the Parish Sheriff's office are regularly on Provident's construction sites, and workers have been fined for having "too much" dirt on their tires. *Id.* If true, these allegations indicate that the Parish is prepared to deviate from normal procedures in an effort to harass and delay Provident's ongoing construction.

It is precisely this type of harassment and interference that has placed Provident at risk of losing the federal tax credits that finance its construction project. (Rec. Doc. 456 at 7). Since those tax credits expire at the end of the year, the Court is convinced that it must retain jurisdiction to protect the purpose of the Consent Order in the face of Defendants' undisputed efforts to derail Provident's construction of multi-family dwellings.

The Court also finds that an extension of jurisdiction until December 31, 2011 is suitably tailored to the changed circumstance, because December 31, 2011 is the deadline established by the relevant tax credits and therefore is the minimum amount of time necessary to ensure that Plaintiffs have a fair opportunity to complete construction on time. (Rec. Doc. 456 at 10).

### III.  Conclusion

Since Defendants have not shown good cause why this Court should not retain jurisdiction over the Consent Order and since Plaintiffs have shown that unforseen circumstances justify a modification of the Consent Order, this Court will retain jurisdiction over the Consent Order.

Accordingly,

IT IS ORDERED that Plaintiffs' request is GRANTED and this Court will retain jurisdiction

over the Consent Order until December 31, 2011.

New Orleans, Louisiana, this 28th day of February, 2011.

**HELEN G. BERRIGAN**
**UNITED STATES DISTRICT JUDGE**