UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **GREATER NEW ORLEANS FAIR HOUSING ACTION CENTER, ET. AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO:   06-7185** |
| **ST. BERNARD PARISH, ET AL.** | **SECTION: "C" (1)** |

## ORDER AND REASONS

Before the Court is Plaintiffs' Application for Temporary Restraining Order. (Rec. Doc. 460). Defendants oppose the application. (Rec. Doc. 462). In light of developments to be discussed below, this Court is also treating the Application as a motion for contempt. Having considered the memoranda of counsel, the record, and the applicable law, the Court GRANTS IN PART and DENIES IN PART the Application for the reasons stated below.

## BACKGROUND

As this Court recently noted St. Bernard Parish issued two cease and desist orders to allegedly protect wetlands on two of Provident's building sites. (Rec. Doc. 456 at 8). The Army Corps of Engineers has since issued a narrower cease and desist order, which is limited to a single corner of one of Provident's building sites. *Id.* at 9. St. Bernard Parish had limited its order to the same corner of property affected by the Corps' order. *Id.* However, on March 3, 2011, Defendants issued four cease and desist orders for all of Provident's building sites. (Rec. Doc. 467-2 at 1). Defendants take the position that those cease and desist orders are justified because the Parish did not have the authority to renew Provident's building permits because it had passed a new zoning ordinance that prohibited multi-unit housing on Provident's sites. On March 1, 2011 the Parish Council introduced an ordinance to rescind the zoning ordinance that Defendants claim prevent them

from renewing Provident's building permits.  (Rec. Doc. 462).

**LAW AND ANALYSIS**

Before issuing a temporary restraining order a court must consider 1) whether there is a substantial likelihood that the movant will prevail on the merits; 2) whether there is a substantial threat that irreparable harm will result if the injunction is not granted; 3) whether the threatened injury outweighs the threatened harm to the defendant; and 4) whether the granting of the temporary restraining order will not disserve the public interest.  *Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987).

*(1)   There is a substantial likelihood that the movant will prevail on the merits*.

Regarding the first element, as this Court has previously held, the relevant factors for analyzing whether Defendants' conduct in this matter constitutes intentional discrimination include: "(1) the historical background of the decision, (2) the specific sequence of events leading up to the decision, (3) departures from the normal procedural sequence, (4) substantive departures, and (5) legislative history, especially where there are contemporary statements by members of the decision-making body." *Overton v. City of Austin*, 871 F.2d 529, 540 (5th Cir. 1989) (citing *Vill. of Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252, 266-68 (1977).

Here, the historical background clearly demonstrates that since Katrina the Parish has been determined to obstruct the construction of multi-unit housing in the Parish.  Despite agreeing to a Consent Order that enjoined the Parish from further violation of the Fair Housing Act, this Court has found Defendants in contempt on three separate occasions for violating that Consent Order.  As a result of one of those contempt orders the Parish finally issued Provident building permits for its

projects. Due to a collapse in the financial markets Provident was forced to discontinue construction for a year. In December of last year Congress extended the deadline for the tax credits that Provident relies on to finance its project. As a result of that extension, Provident was able to secure financing and sought to resume construction. However, St Bernard Parish initially refused to renew Provident's building permits because they claimed that a new zoning ordinance did not permit multi-family dwellings on Provident's sites. In February the Parish changed its position and decided to reissue Provident's building permits. Then the Parish issued cease and desist orders, which it claims was necessary to protect wetlands on some of Provident's sites. Now the Parish has changed its position again and issued cease and desist orders because they claim they did not have the authority to renew the permits in the first place.

This specific sequence of events suggest that Plaintiffs have established substantial likelihood of prevailing on the merits and that Defendants will continue to violate the Consent Decree. The Parish has engaged in several departures from procedure, such as Parish President Taffaro routing all meetings through his office and requesting the review of already approved construction plans. Furthermore, since the Parish has not revoked Provident's building permits, the issuance of cease and desist orders is a departure from normal procedure.

The Parish has also departed from substantive considerations because they have issued cease and desist orders on grounds that they do not clearly have legal authority to do so. The Sheriff also is alleged to be citing construction workers at Provident's sites for minor violations, if they are even violations.

As a result, the Court finds that Plaintiffs have show a substantial likelihood of success on the merits for present purposes.

***(2)    There is a substantial threat that irreparable harm will result if the injunction is not granted.***

The Fifth Circuit has held that when a statute authorizes the granting of injunctions, then the violation of the statute supports the presumption of irreparable injury. *U.S. v. Hayes*, 415 F.2d 1038, 1045 (5th Cir. 1969); *EEOC v Cosmair*, 821 F.2d 1085, 1090 (5th Cir. 1987) ("When a civil rights statute is violated, 'irreparable injury should be presumed from the very fact that the statute has been violated'"). Here the Fair Housing Act does permit the issuance of a temporary restraining order if a discriminatory housing practice has occurred or is about to occur. 42 USC 3613(c)(1). Since this Court has already ruled that discriminatory housing practices have occurred, then under *Hayes* irreparable injury may be presumed. In the absence of injunctive relief the Court believes Defendants will continue to engage in a discriminatory housing practice in violation of the Fair Housing Act and this Court's Consent Order. (Rec. Doc. 114).

In *Gresham v. Windrush Partners, LTD*, 730 F.2d 1417 (11th Cir. 1984), the Eleventh Circuit aptly described why discrimination in housing almost always results in irreparable injury:

> First, a person who is discriminated against in the search for housing cannot remain in limbo while a court resolves the matter. He or she must find housing elsewhere, and once that housing is found, even if in a segregated neighborhood, it becomes difficult to disrupt new friendships and other community ties by uprooting oneself again. Second, in a case such as this one, the available housing where the discrimination is occurring could become filled during the pendency of a lawsuit, making corrective relief nearly impossible to enter-clearly, a court lacks the authority to order innocent white tenants to vacate apartments to remedy discrimination against blacks or other minorities by the apartment management. Thus, preliminary injunctive relief may be necessary to insure that a remedy will be available. Third, monetary relief cannot correct the injury completely. In *Banks v. Perk* the court recited a litany of irreparable harm that occurs whenever housing discrimination occurs. That harm included, "the loss of safe, sanitary, decent and integrated housing; the loss of achieving integrated schools without the necessity of massive busing; the loss of housing which is accessible to jobs; and the loss of being unable to escape the never-ending and seemingly unbreakable cycle of poverty." 341 F.Supp. [1175, 1185 (N.D.Ohio 1972)]. Additionally, as plaintiffs have asserted in this case housing discrimination causes irreparable injury by denying whites, as well

as blacks, the benefits of living in an integrated community.

730 F.2d at 1424.

*(3)   The threatened injury outweighs the threatened harm to the defendant.*

As already discussed, Plaintiffs face substantial harm in the absence of injunctive relief, whereas the threatened harm to Defendants from this injunction are minimal.  Moreover, the Parish does not have the right to make wetlands determinations, as that is the USACOE's responsibility.  So Defendants have not shown harm let alone harm that outweighs that to Plaintiffs.

*(4)   The granting of the temporary restraining order will not disserve the public interest.*

As this Court has already held, the Parish and city face shortages in affordable housing, and issuing this restraining order will actually serve the public interest.

### III. CONCLUSION

Accordingly,

IT IS ORDERED that Plaintiffs' Application for Temporary Restraining Order is PARTIALLY GRANTED and PARTIALLY DENIED.

IT IS FURTHER ORDERED that Defendants are enjoined from engaging in the following actions:

A. Issuing or enforcing any cease-and-desist orders or other stop-work orders against Provident Realty Advisors, Inc without prior approval of the Court.

B. Re-reviewing construction issues that were already reviewed and approved by the Parish at the time of the issuance of the building permits to Provident Realty Advisors, Inc. on October 1,

2009.

IT IS FURTHER ORDERED that by consent of the parties this restraining order shall remain in effect until such time as the Court holds a hearing to determine appropriate declaratory and injunctive relief, and whether fines, penalties, damages, fees and costs are to be awarded to Plaintiffs.  The parties shall notify the Court of a mutually agreeable time for such a hearing.

IT IS FURTHER ORDERED that at this hearing Defendants shall show good cause why they should not be held in contempt for issuing the recent cease and desist orders.

IT IS FURTHER ORDERED that pursuant to Federal Rule of Civil Procedure 65(c) Plaintiffs shall post a security bond in the amount of $100 with the Clerk of Court.

New Orleans, Louisiana, this 4th day of March, 2011.

**HELEN G. BERRIGAN**
**UNITED STATES DISTRICT JUDGE**