UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**GREATER NEW ORLEANS FAIR HOUSING**      **CIVIL ACTION**
**ACTION CENTER, ET. AL.**

**VERSUS**      **NO:   06-7185**

**ST. BERNARD PARISH, ET AL.**      **SECTION: "C" (1)**

### ORDER AND REASONS

Before the Court is Defendants' Motion to Vacate Temporary Restraining Order and to Dismiss Provident's Claims for Contempt and Sanctions. (Rec. Doc. 488). Also before the Court is Plaintiffs' Motion to Enforce the Court's March 4, 2011 Order and Enjoin State Court Proceedings. (Rec. Doc. 490). Having considered the memoranda of counsel, the record, and the applicable law, the Court DISMISSES both motions for the reasons stated below.

### I. BACKGROUND

On January 14, 2011, Plaintiffs filed a motion for contempt arguing that Defendants had violated the February 27, 2008 Consent Order. (Rec. Doc. 416). Specifically, Plaintiffs alleged that Defendants had impermissibly refused to renew Provident Reality Advisors Inc.'s ("Provident") building permits. (Rec. Doc. 422-3 at 12). Defendants maintained that they could not renew Provident's permits because those permits had expired and the Parish's Comprehensive Zoning Ordinance ("CZO") no longer permitted multi-unit dwellings on Provident's land. (Rec. Doc. 430 at 2). In response, Plaintiffs claimed that "Defendants' pretextual reliance on the new zoning restrictions in refusing to renew Provident's permits...constitutes continuing discrimination." *Id.* at 13-14. Finally, Plaintiffs claimed that Defendants' new zoning ordinance was an independent act

1

of housing discrimination, which could not lawfully support Defendants' refusal to renew Provident's permits. *Id.* In a footnote Plaintiffs indicated that they anticipated challenging the lawfulness of Defendants' new zoning ordinance in a separate lawsuit, which to date they have not filed. *Id.* at 14 n. 8.

Shortly after Plaintiffs had filed their motion for contempt, Defendants issued Provident with the renewed building permits it had requested. Nevertheless, Provident was issued several cease-and-desist orders claiming that there were wetlands on two of Provident's building sites. (Rec. Doc. 456 at 8). Then on March 3, 2011, Defendants issued four additional cease-and-desist orders for all of Provident's building sites. (Rec. Doc. 467-2 at 1). Defendants justified these orders on the grounds that the Parish did not have the authority to renew Provident's building permits since the CZO prohibited multi-unit housing on Provident's sites. *Id.* On the same day a homeowners' association and individual residents of St. Bernard Parish filed a petition for writ of mandamus against the St. Bernard Parish government in the 34th Judicial district Court for the Parish of St. Bernard. (Rec. Doc. 475-2 at 4). In that suit petitioners sought to compel the St. Bernard Parish government to invalidate the renewed permits it had issued Provident. *Id.*

On the following day this Court issued its March 4, 2011 Order, restraining Defendants from "[i]ssuing or enforcing any cease-and-desist orders or other stop-work orders against Provident Realty Advisors, Inc without prior approval of the Court." (Rec. Doc. 470 at 5). On March 9, 2011, Plaintiffs filed a motion requesting this Court to stay the writ of mandamus action pending in state court between the St. Bernard Parish Government and various St. Bernard Parish residents. (Rec. Doc. 475). Because this Court found that the Anti-Injunction Act, 28 U.S.C. § 2283, prohibited such an injunction, it denied Plaintiffs' request. (Rec. Doc. 482). On March 31, 2011, the 34th Judicial District Court for the Parish of St. Bernard issued a judgment ordering the St. Bernard Parish

government to set aside and invalidate its decision to renew Provident's building permits. (Rec. Doc. 488-2).

In light of that state court judgment, Defendants filed their present motion arguing that changed circumstances made the continuation of this Court's order inequitable. (Rec. Doc. 488-1 at 4). Defendants argue that the Anti-Injunction Act, the *Rooker-Feldman* doctrine, and the *Burford* doctrine prevent this Court from enforcing its March 4, 2011 Order or from entertaining Plaintiffs' pending motions for contempt. (Rec. Doc 488-1 at 4-13). Defendants have also filed a notice of appeal as to this Court's March 4, 2011 Order. (Rec. Doc. 496).

In state court Defendants have filed a third-party demand on Provident seeking a preliminary injunction that would prevent Provident from proceeding with construction. (Rec. Doc. 490-1 at 3). The state court judge ordered Provident to appear on April 8, 2011 to show cause why such a preliminary injunction should not be issued. *Id.* In response to these events, Plaintiffs have filed their present motion requesting this Court to stay the pending state court action. *Id.* at 5.

## II. LAW AND ANALYSIS

On November 8, 2010, this Court entered a Judgment dismissing this case subject to Plaintiffs' right to seek enforcement of the Consent Order at any time withing the three-year period of the Consent Order. (Rec. Doc. 395). On November 18, 2010, Defendants filed a notice of appeal of that Judgment. (Rec. Doc. 400). The filing of a notice of appeal is an event of jurisdictional significance because it confers jurisdiction on the court of appeals and divests the district court of jurisdiction regarding those aspects of the case involved in the appeal. *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). However, unless the judgment is stayed, the district court can enforce that judgment through contempt proceedings, despite the pendency of an

appeal. *Farmhand, Inc. v. Anel Enineering Industries, Inc.,* 693 F.2d 1140, 1145-46 (5th Cir. 1982); *Plaquemines Parish Commission Council v. United States*, 416 F.2d 952, 954 (5th Cir. 1969) ("Generally a district court retains jurisdiction to enforce its prior orders, and this is particularly true with respect to desegregation cases.").

### A. Defendants' Motion to Dissolve

Defendants request this Court to dissolve its March 4, 2011 Order enjoining Defendants from "[i]ssuing or enforcing any cease-and-desist orders or other stop-work orders against Provident Realty Advisors, Inc without prior approval of the Court." (Rec. Doc. 470 at 5). However, Defendants have also filed a notice of appeal regarding this very Order. (Rec. Doc. 496). As a result, under Rule 62(c) of the Federal Rules of Civil Procedure, this Court does not have the authority to dissolve an injunction that is subject to a pending appeal. *Sierra Club, Lone Star Chapter v. Cedar Point Oil Co., Inc.*, 73 F.3d 546, 578 (5th Cir. 1996) (citing *Coastal Corp. v. Texas Eastern Corp.*, 869 F.2d 817, 819 (5th Cir. 1989)). Rather, "[w]hile the validity of an injunction is on appeal the district court's power is limited to 'maintaining the status quo.'" *Baum v. Blue Moon Ventures, LLC.*, 513 F.3d 181, 190 n.2 (5th Cir. 2008) (quoting *Coastal Corp. v. Texas Eastern Corp.*, 869 F.2d 817, 819 (5th Cir. 1989)). While Defendants request in the alternative that this Court modify its prior Order, they do not suggest how this Court could modify that Order in a manner that also preserves the status quo. (Rec. Doc. 488-1 at 4). Therefore this Court does not have the authority to grant the relief requested by Defendants. However, the Court notes that its Order permits Defendants to issue cease-and-desist orders, so long as those orders have been approved by this Court.

### B. *Defendants Motion to Dismiss Plaintiffs' Pending Motions for Contempt*

Defendants further request this Court to dismiss Plaintiffs' Pending motions for contempt. *Id.* at 1-2.  Defendants argue that because the pending contempt motions involve issues of state law that have been determined by the state court judgment, this Court should dismiss those motions. *Id.* However, the Court notes that the state court judgment in question is not a final judgment, and therefore finds this request premature. *See* La. Code Civ. Pro. art. 2123.

### C. *Plaintiffs' Motion for Stay of State Court Proceedings*

Plaintiffs argue that this Court should enforce its March 4, 2011 order and enjoin the state court proceeding set for April 8, 2011. (Rec. Doc. 490-1). However, Plaintiffs have subsequently removed that state court action to this Court, rendering their present motion moot.

### III. CONCLUSION

Accordingly,

IT IS ORDERED Defendants' Motion to Vacate Temporary Restraining Order and to Dismiss Provident's Claims for Contempt and Sanctions is DISMISSED. (Rec. Doc. 488).

IT IS FURTHER ORDERED that Plaintiffs' Motion to Enforce the Court's March 4, 2011 Order and Enjoin State Court Proceedings is DISMISSED. (Rec. Doc. 490).

New Orleans, Louisiana, this 11th day of April, 2011.

**HELEN G. BERRIGAN**
**UNITED STATES DISTRICT JUDGE**