UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**GREATER NEW ORLEANS FAIR HOUSING
ACTION CENTER, ET. AL.**                         **CIVIL ACTION**

**VERSUS**                                       **NO: 06-7185**

**ST. BERNARD PARISH, ET AL.**                   **SECTION: "C" (1)**

### ORDER AND REASONS

Before the Court is Defendants' Motion for Clarification. (Rec. Doc. 522). Having considered the memoranda of counsel, the record, and the applicable law, the Court GRANTS the motion for the reasons stated below.

The Court recognizes the conundrum facing Defendants. On the one hand a state court judge has issued a writ of mandamus ordering Defendants to set aside their decision to re-issue Provident's building permits. (Rec. Doc. 488-2 at 1). While the state court action containing the writ of mandamus has been removed to this Court, that writ remains in full force and effect until dissolved or modified by this Court. 28 U.S.C. § 1450. Consequently, Defendants maintain that they cannot lawfully conduct inspections of Provident's developments because, pursuant to the state court judgment, they are required to set aside the February re-issuance of Provident's building permits, which leaves Provident without any lawful permits. (Rec. Doc. 522-1 at 4)

On the other hand, this Court has recently found Defendants in contempt for their early efforts to enforce the state court judgment. (Rec. Doc. 510). Specifically, this Court found that Defendants violated this Court's March 4, 2011 Order when they issued several stop-work orders without having received leave of this Court first. *Id.* at 1. As a result of that order, Defendants are concerned that if they refuse to conduct the necessary inspections of Provident's developments, then this Court will once again find them in contempt of court. (Rec. Doc. 522-1 at 4). The present

motion seeks an order from this Court clarifying if Defendants are required to conduct inspections of Provident's developments in light of the state court judgment ordering them to set aside Provident's permits. *Id.*

On February 7, 2011, Defendants decided to re-issue Provident's building permits. (Rec. Doc. 522-1 at 2). Nevertheless, Defendants appeared poised to prevent the actual use of those permits by attempting to obstruct Provident's construction on various grounds. (Rec. Doc. 470 at 1-3). Accordingly this Court issued an order enjoining Defendants from issuing or enforcing any cease-and-desist orders or other stop-work orders without prior approval of this Court. *Id.* at 5. Furthermore, Defendants were enjoined from re-reviewing constructions issues, which had been approved by Defendants at the time Provident's permits were initially approved in 2009. *Id.*

This Court finds that the March 4, 2011 Order envisioned that a construction review process would be ongoing at Provident's developments, because a refusal to review any construction issues would make the prohibition on re-reviewing construction issues a nullity. Such a prohibition only has value to Provident if Defendants continue to inspect Provident's developments. Furthermore, refusing to inspect Provident's properties would have the practical effect of a stop-work order, (Rec. Doc. 536 at 3), which must be approved by this Court, (Rec. Doc. 470 at 1-3).

While this Court appreciates Defendants' request for leave to stop inspecting Provident's developments, that request is denied, as Defendants can comply with both the state court judgment and this Court's orders. The Court notes that under the state court judgment Defendants are only required to set aside their February 7, 2011 re-issuance of Provident's permits. Specifically, the state court judgment invalidated the re-issuance of Provident's permits based on Defendants' failure to adhere to various procedural requirements for approving improperly zoned permits. (Rec. Doc 488-4 at 3) ("The permits are not properly issued. There is a mechanism for which they can seek

redress to get these properly issued which would require a rezoning request...."). The state court judgment had no effect on the validity of Defendants' decision to re-issue Provident's permits, but merely on the validity of Defendants' implementation of that decision. Significantly, that judgment does not enjoin Defendants from re-issuing Provident's permits now that the Comprehensive Zoning Ordinance has been repealed. (Rec. Doc. 488-2 at 1; Rec. Doc. 536-1 at 3).

Because there is no longer any obstacle to implementing Defendants' decision to re-issue Provident's permits, Defendants can comply with the state court judgment by simply re-issuing Provident's permits, thus allowing Defendants to resume necessary inspections. Furthermore, the re-issuance of Provident's permits would also comply with this Court's March 4, 2011 Order, which essentially enjoins Defendants from interfering with Provident's developments without justification. Refusing to re-issue Provident's permits because of procedural mistakes, which Provident was not responsible for, would be unjustified in light of the fact that Defendants admit that Provident's developments are now properly zoned. (Rec. Doc. 522-1 at 4).

Accordingly,

IT IS ORDERED that Defendants' Motion for Clarification is GRANTED to the extent that this Court clarifies that Defendants are required to conduct all necessary inspections on Provident's developments, as Defendants now have the authority to reissue Provident's permits.

New Orleans, Louisiana, this 29th day of April, 2011.

**HELEN G. BERRIGAN**
**UNITED STATES DISTRICT JUDGE**