UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**GREATER NEW ORLEANS FAIR HOUSING**     **CIVIL ACTION**
**ACTION CENTER, ET. AL.**

**VERSUS**     **NO: 06-7185**

**ST. BERNARD PARISH, ET AL.**     **SECTION: "C" (1)**

### ORDER AND REASONS

This matter comes before the Court on Defendants' Motion for Reconsideration of Order Requiring the Release of Individual Apartment Meters and Building Meters. (Rec. Doc. 801). Defendants' Motion is DENIED for the following reasons.

The Fifth Circuit treats a motion for reconsideration as "either a motion 'to alter or amend' under Rule 59(e) or a motion for 'relief from judgment' under Rule 60(b)." *Lavespere v. Niagara Machine & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990). If the motion is filed within ten days of the order, it falls under Rule 59(e); otherwise, it falls under Rule 60(b). *Id.* In this case, Defendants filed their Motion to Reconsider within 10 days of the October 7, 2011 Order, so it will be treated as a Rule 59(e) Motion to Alter or Amend. (Rec. Docs. 801, 800).

Alteration or amendment of a previous ruling under Rule 59(e) "'calls into question the correctness of the judgment.'" *Tremplet v. Hydrochem Inc.*, 367 F.3d 473, 478 (5th Cir. 2004)(quoting *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002)). This motion serves the "narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Waltman v. Int'l Paper Co.*, 875 F. 2d 468, 473 (5th Cir. 1989) (internal quotations omitted). It may also be used to prevent manifest injustice. *Flynn v. Terrebonne Parish School Bd.*, 348 F. Supp. 2d 769, 771 (E.D. La. 2004). As such, it must be used sparingly. *Clancy v. Employers Health Ins. Co.*, 101 F. Supp. 2d 463, 465 (E.D. La. 2000).

Here, Defendants request this Court to reconsider its ruling granting Plaintiffs' Motion for an Order to Release Electrical Meters, but Defendants fail to satisfy Rule 59(e).  They present no newly discovered evidence and do not allege, much less present evidence of, manifest injustice or manifest error of law or fact.  Rather, Defendants repeat allegations and arguments from their Opposition Memorandum to Plaintiffs' Motion for Release of Electrical Meters. (Rec. Docs. 801-1, 777).  Thus, Defendants' Motion for Reconsideration is inappropriate.

Accordingly,

IT IS ORDERED that Defendants' Motion is DENIED. (Rec. Doc. 801).

IT IS FURTHER ORDERED that Defendants IMMEDIATELY authorize Entergy to release electricity to the building meters and individual apartment meters at the clubhouse and buildings 1, 2, 3, and 4 at the Woodcrest site; the clubhouse and buildings 1, 2, 3, and 4 at the Parc Place site, and buildings 1, 2, 3, and 4 at the Magnolia site.

New Orleans, Louisiana, this 17th day of October, 2011.

_____
**HELEN G. BERRIGAN**
**UNITED STATES DISTRICT JUDGE**