UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **GREATER NEW ORLEANS FAIR HOUSING ACTION CENTER, ET. AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO:   06-7185** |
| **ST. BERNARD PARISH, ET AL.** | **SECTION: "C" (1)** |

**ORDER**

IT IS ORDERED that the Emergency Motion for Reconsideration of Order Requiring the Issuance of a Building Permit to the Riverview Site, a Stay Pending the Reconsideration, and for an Order Rendering the Matter Directly Appealable filed by St. Bernard Parish and St. Bernard Parish Council (collectively, "Defendants") is PARTIALLY DENIED and PARTIALLY DISMISSED AS MOOT.  (Rec. Doc. 858).  Defendants' ground for reconsideration of this Court's Order is that Plaintiff Provident Realty Advisers, Inc. ("Provident") has not yet purchased the servitude necessary for Provident to comply with the Modified Rational Method.  (Rec. Doc. 858-1 at 2, Rec. Doc. 857). However, the Court was already aware of this fact when it issued the November 2 Order.  (Rec. Doc. 844 at 2, Rec. Doc. 857).  The narrow circumstances under which Rule 59(e) of the Rules of Civil Procedure[1] have not been met, and Defendants do not cite to authority suggesting that this Court should grant their Motion.  (Rec. Doc. 858).  Furthermore, Dr. Lamanna has expressed many times that compliance with Defendants' drainage requirements, in both calculations and construction, is not ordinarily a prerequisite for building permits.  (Rec. Doc. 637-1 at 16-17; Rec. Doc. 741-1 at 4-5, Rec. Doc. 831-1 at 2-3).  Drainage is ordinarily a post-building permit, pre-occupancy permit issue. *Id.*  Nor have Defendants met the requirements for certification for immediate appeal under 28

---

[1] Reconsideration of a prior order is appropriate when: (1) the motion is necessary to correct a manifest error of fact or law; (2) the movant presents newly discovered evidence; (3) the motion is necessary in order to prevent manifest injustice; or (4) the motion is justified by an intervening change in the controlling law.  *Flynn v. Terrebonne Parish Sch. Bd.*, 348 F. Supp. 2d 769, 771 (E.D. La. 2004).

U.S.C. § 1292(b).[2]  Given that the Court hereby denies Defendants' Motion to reconsider the November 2 Order, Defendants' request that the Court stay that order pending reconsideration is dismissed as moot.

    IT IS FURTHER ORDERED that Defendants comply with the Court's November 2, 2011 Order by issuing the building permit to the Riverview site by November 8, 2011, at noon.  After that date Defendants will be fined $10,000 per day that they are not in compliance with this Order.  The fine will escalate to $20,000 per day for each day after November 10, 2011 that Defendants are not in compliance with this Order.

    New Orleans, Louisiana, this 7th day of November, 2011.

                                          **HELEN G. BERRIGAN**
                                          **UNITED STATES DISTRICT JUDGE**

---

[2] Certification for immediate appeal of a prior order is appropriate when the order "involves a controlling question of law as to which there is substantial ground for difference of opinion and [when] an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b).