UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| GREATER NEW ORLEANS FAIR HOUSING ACTION CENTER, ET AL | CIVIL ACTION |
| VERSUS | NO. 06-7185 |
| ST. BERNARD PARISH, ET AL | SECTION "C" (1) |

ORDER AND REASONS

This matter comes before the Court on (1) motion to stay enforcement of judgment without obligation of posting supersedeas appeal bond and alternative motion for temporary stay to arrange for bond filed by the defendants, St. Bernard Parish Council and St. Bernard Parish (collectively "St. Bernard") ; and (2) motion to lift stay or require that defendants post a supersedeas bond filed by Greater New Orleans Fair Housing Action Center and Provident Realty Advisors, Inc. (collectively "plaintiffs").  Rec. Docs. 1050, 1052.  Having considered the record, the memoranda of counsel and the law, the Court rules as follows.

On August 20, 2013, the Court issued a judgment for attorneys fees and costs in favor of the plaintiffs in the amount of $148,344.38 to the plaintiffs.[1]  Rec. Doc. 1049.  A

---

[1] The motion filed by St. Bernard contains a mathematical error as to the total.  Rec. Doc. 1050 at 1.

1

notice of appeal was filed by St. Bernard on September 18, 2013. Rec. Doc. 1057. The Court has previously stayed the enforcement of three other money judgments in the plaintiffs' favor without bond under Fed. R. Civ. P. 62(f) and *Castillo v. Montelepre,Inc.*, 999 F.2d 931, 942 (5th Cir. 1993), based upon proof that the defendants had sufficient funds and insurance policy proceeds to satisfy the judgments. Rec. Docs. 440, 1025, 1038. In these motions, St. Bernard seeks a stay without bond pending appeal of the Court's latest judgment, and the plaintiffs seek a bond sufficient to cover all previous judgments pending appeal. According to the plaintiffs, the total value of the judgments on appeal approximates $2.1 million.

     Specifically, the plaintiffs argue that a supersedeas bond is required for a stay of all pending appeals because the St. Bernard's December 2012 audit indicates a decline in revenues resulting in a deficit in its unrestricted funds balance of ($3,792,157). Rec. Doc. 1046-2 at 20; Rec. Doc.1052-1 at 2. St. Bernard argues that the fund that would actually be used to pay any judgment is the unassigned general fund balance, which reflects a positive balance of $2,887,607 in that same audit. Rec. Doc. 1046-2 at 22; Rec. Doc. 1056 at 5. In addition, St. Bernard argues that its insurance policies cover the value of the judgments on appeal. Rec. Doc. 1056-1.

     In ordering the previous stays without bond, the Court relied on assurances of

insurance coverage and a positive balance in unrestricted revenue. Rec. Doc. 440 at 3; Rec. Doc. 1025; Rec. Doc. 1038. The Court has reviewed the most recent audit and the affidavits presented on behalf of St. Bernard and, while they certainly reflect a diminishment in assets, they do not indicate that St. Bernard lacks sufficient funds to satisfy the judgments on appeal, including the most recent one. The assurances regarding insurance coverage adds to the security on hand in the event the judgments become collectible.

In determining that supersedeas bonds are not required at this time, the Court is mindful that it has the discretion under Fed. R. Civ. P. 62(d) to waive the posting of a bond. Relevant factors to be considered are the complexity of the collection process, the amount of time required to obtain a judgment after it is affirmed on appeal, the degree of confidence the court has in the availability of funds to pay the judgment, whether the defendant's ability to pay the judgment is so obvious that to require a bond would be a waste of money, and whether requiring a bond would place other creditors in an insecure position. 12 James Wm Moore, *Moore's Federal Practice* § 62.03[2] (3rd ed. 2012). The evidence presented indicates that St. Bernard has rebounded and is capable of responding to the judgments. The judgments on appeal largely reflect awards of attorney's fees to the plaintiffs. Finally, the Court notes that the plaintiffs can seek

expedited consideration of the appeals, which have been lodged for some time now and stayed by the Fifth Circuit.

The Court will reconsider this ruling should the defendant's financial circumstances warrant.

Accordingly,

IT IS ORDERED that the motion to stay enforcement of judgment without obligation of posting supersedeas appeal bond filed by the defendants, St. Bernard Parish Council and St. Bernard Parish is GRANTED and the alternative motion for temporary stay to arrange for bond filed by the defendants is DISMISSED as moot. Rec. Doc. 1050.

IT IS FURTHER ORDERED that the motion to lift stay or require that defendants post a supersedeas bond filed by Greater New Orleans Fair Housing Action Center and Provident Realty Advisors, Inc. is DENIED. Rec. Doc. 1052.

New Orleans, Louisiana, this 4th day of October, 2013.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE